IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-09-572 |
| | § | |
| VICENTE DOMINGUEZ, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR EXTENSION OF TIME**

Defendant Vicente Dominguez ("Dominguez") was sentenced on October 2, 2009. (D.E. 23.) Judgment was entered against him on October 14, 2009. (D.E. 24.) Dominguez did not timely appeal. On July 23, 2010, the Clerk received a letter from Dominguez, which has not yet been docketed. In it, he claims that he sent a letter to his attorney asking his attorney to appeal shortly after his sentencing. He claims that two months after his sentencing date, he was placed in segregation for seven months. He states that he has not heard from his attorney since October 14, 2009, and alleges that his counsel failed to object to certain portions of his PSR. He explains that he has since found someone to help him to file "a letter to this court to give me an extension." He further asks that the Clerk help him and write to him so he knows "what do to."

For the reasons set forth herein, the Clerk is directed to docket Dominguez's letter as a motion seeking an extension of time to appeal. So construed, the motion is DENIED. The

Clerk is further directed, however, to send Dominguez forms for filing a motion pursuant to 28 U.S.C. § 2255.

## I.  Motion for Extension of Time to Appeal

At the time judgment was entered against him, Dominguez was required to file his appeal not later than ten days after judgment was entered, or not later than October 28, 2009.[1] See Fed. R. App. P. 4(b)(1) (2009) (setting 10-day period for filing notice of appeal in a criminal case); Fed. R. App. P. 26 (weekends and holidays are excluded when calculating a ten-day period).  To the extent Dominguez's letter can be construed as seeking an extension of time to appeal, such a request would be governed by Rule 4(b)(4) of the Federal Rules of Appellate Procedure.  This provision allows the Court to grant an extension upon a finding of excusable neglect or good cause, but only if the motion for extension is filed within 30 days of the original appellate deadline.  See Fed. R. App. P. 4(b)(4).  In this case, Dominguez has filed his "Notice of Appeal" approximately nine months after his time for appealing expired.  Thus, even if Dominguez's "Notice of Appeal" were construed as seeking an extension of time to appeal, the Court could not extend Dominguez's deadline for appealing at this time.

Accordingly, to the extent Dominguez seeks an extension of time to appeal, it is DENIED.

---

[1] Effective December 1, 2009, the time for filing a notice of appeal was changed to 14 days and would include weekends. (See Fed. R. App. P. 4(b)(1) (2010); Fed. R. App. P. 26.)  In Dominguez's case, the deadline would be the same under either version of the rules.

## II.     Procedure for Filing § 2255 Motion

Dominguez's claims regarding his counsel's alleged failure, on the other hand, are the types of claims that are typically asserted in a motion pursuant to 28 U.S.C. § 2255. Dominguez's motion does not reference 28 U.S.C. § 2255. Because he has not clearly evidenced an intent to file a § 2255 motion, and in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Dominguez's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Dominguez for filing such a motion.

Moreover, pursuant to the directives of Castro, Dominguez is advised that if he files a § 2255 motion asserting claims of ineffective assistance of counsel, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).[2] That is, before

---

[2] The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

he will be permitted to file a second or successive § 2255 motion before the district court, Dominguez will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Dominguez wishes the Court to consider should be asserted in any § 2255 motion he files.

Dominguez is further advised that usually a § 2255 motion must be filed within a year after a defendant's conviction becomes final. In this case, Dominguez's conviction became final on October 28, 2009, when he failed to timely appeal. Accordingly, if he wishes to file a § 2255 motion, he should do so not later than October 28, 2010.

To the extent he seeks any substantive relief through his current letter motion, it is DENIED WITHOUT PREJUDICE to Dominguez's ability to file a proper § 2255 motion.

---

movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

## **CONCLUSION**

For the foregoing reasons, Dominguez's motion, to the extent it can be construed as a motion for extension of time to appeal, is DENIED. Additionally, to the extent he is requesting substantive relief on his claims, his motion is DENIED WITHOUT PREJUDICE to his ability to file a proper § 2255 motion. To that end, the Clerk is directed to provide a copy of a blank 28 U.S.C. § 2255 motion to Dominguez and Dominguez is advised to review carefully the Court's warnings set forth in Section II of this Order.

It is so ORDERED this 26th day of July, 2010.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE