IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-09-572 |
| | § | (C.A. No. 10-CV-351) |
| VICENTE DOMINGUEZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Vincente Dominguez' (Dominguez) motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. D.E. 29. The United States has filed its Response D.E. 39. Dominguez did not file a Reply.

For the reasons set forth herein, Dominguez' § 2255 motion is DENIED and he is DENIED a Certificate of Appealability.

### I.  JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

Dominguez was a passenger in a vehicle stopped at the Falfurrias, Texas checkpoint in July 2009. While he was stopped, a drug dog alerted to the vehicle, a Chevrolet truck. During secondary inspection, the agents found 4 bundles of cocaine hidden in a compartment above the fuel tank.  D.E. 1. Dominguez was read his Miranda rights and agreed to give a statement. He admitted that the cocaine was his, that he loaded it into the truck and was

1

transporting it to Indiana to sell. Id. The driver denied knowledge of the cocaine. Id. Both were arrested. Id.

Dominguez appeared before a federal Magistrate Judge the day after his arrest and was appointed counsel. D.E. 2, 4. He was detained pending trial. D.E. 6. Dominguez was indicted a week after his arrest and charged with possession with intent to distribute more than 5 kilograms of cocaine, approximately 5.46 kilograms (gross weight) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). D.E. 9. He was arraigned two days later. Minute Entry July 24, 2009. Dominguez filed his notice of intent to enter a guilty plea in mid-August 2009. D.E. 12. A superseding indictment was filed which decreased the drug quantity to "more than five hundred (500) grams of cocaine, that is approximately 4.01 kilograms of cocaine. . . ." Dominguez was arraigned on the superseding indictment the following day.

Dominguez pled guilty on August 24, 2009 without a plea agreement. D.E. 17, 35 at 2. During rearraignment, Dominguez testified that he wished to plead guilty, that he did not want different counsel, he felt well advised by his attorney, that his guilty plea was voluntary, and no one forced him to plead guilty. D.E. 35 at 2-3, 5, 11-12. The AUSA recited the evidence that the government expected to prove, that Dominguez was discovered with 4.01 kilograms of cocaine within the Southern District of Texas, Corpus Christi Division, at the Falfurrias, Texas Border Checkpoint. Dominguez told agents that the drugs were his, that he loaded the cocaine into the gas tank in the Rio Grande Valley area of Texas and he said he was going to sell the drugs in Indiana. Id. at 14-15. Dominguez admitted at rearraignment that the truck was his, that he was trying to make money by taking the drugs to Indiana to sell

2

the cocaine to someone else. Id. at 16. The Court ordered preparation of a Presentence Investigation report (PSR). D.E. 18.

The PSR calculated Dominguez' base offense level at 30, based upon the quantity of cocaine, 4.01 kilograms. D.E. 20 at ¶ 14. After subtraction of 3 points for acceptance of responsibility, the total offense level was 27. Id. at ¶¶ 20-23. Dominguez had several burglary and theft convictions which resulted in a total of 5 criminal history points to which 2 points were added because the current offense was committed less than 2 years after his release from state custody, for a total of 7 points. Dominguez' criminal history Category was IV. The Guideline sentencing range was 100-125 months.

At sentencing, Dominguez testified that he had received the PSR, read it and discussed it with his attorney. D.E. 36 at 2. He offered a correction to the PSR by admitting that he did have a drug problem. Id. at 3. At sentencing, counsel urged the Court to downwardly depart to 84 months based upon Dominguez' youth, background, and drug use history. The Court imposed a below-Guideline sentence of 84 months, found that the seriousness of his criminal history was overstated by the Guideline calculation, imposed a 5 year term of supervised release, no fine, and a $100 special assessment. Id. at 11. Judgment was entered on October 14, 2009.

Dominguez did not timely file a notice of appeal. On July 23, 2010, the Clerk received a motion for extension of time to appeal. D.E. 27. The Court denied the motion by written Order dated July 26, 2010, but also furnished him with the forms necessary to file a motion to vacate .D.E. 28. Dominguez timely filed his motion to vacate October 26, 2010. D.E. 29.

3

### III.  MOVANT'S ALLEGATIONS

Dominguez claims that his counsel was ineffective in the following respects, 1) venue was improperly asserted, 2) counsel failed to argue lack of sufficient factual basis for guilty plea based upon the failure to prove venue, and 3) counsel failed to argue that Dominguez' criminal history was overrepresented. D.E. 6.

### IV.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a 'significantly higher hurdle'" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). In addition, "a collateral challenge may not do service for an appeal." Id. at 165.

4

**B.     Claims of Ineffective Assistance**

1.     *Standard to be applied*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).[1]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

_____

[1] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir.2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

2.    *Counsel's claimed ineffectiveness for failing to challenge venue*

Dominguez admitted that the factual recitation by the AUSA during rearraignment was correct. D.E. 35 at 14-16. He claims that his counsel should have objected to the government's failure to prove venue and was ineffective because he failed to do so as set out in his first, second and third issues.

Proceedings in criminal cases are to be held in the district and division in which the offense is committed. 18 U.S.C. § 3232; see also Fed. R. Crim. P. 18. In cases in which a crime is begun in one district and completed in another, or committed in more than one district, the crime may be prosecuted in any district in which such offense was begun continued, or completed. 18 U.S.C. § 3237. The crime of possession with intent to distribute took place at a minimum within the Southern District of Texas, even if it might have begun in another division of the Southern District. Dominguez admitted that his possession with intent to distribute cocaine occurred within the Southern District by his testimony at rearraignment. Moreover, "It is well-settled that '[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings.'" United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008) (quoting United States v. Stevens, 487 F.3d 232, 238 (5th Cir.2007)). Dominguez both admitted venue by his testimony and also waived his right to challenge venue by his guilty plea. Counsel was not ineffective for failing to object.

2.      *Counsel's alleged ineffectiveness for failing to urge Dominguez' criminal history was overrepresented by the Guideline calculation*

Dominguez' claim that his counsel failed to argue that the seriousness of Dominguez' criminal history was overstated by the Guideline calculation is flatly contradicted by the record. Counsel successfully urged the Court to downwardly depart from the Guidelines based on this very argument. The Court's sentence was 16 months below the low end of the Guideline calculation. D.E. 36 at 6-12. This issue fails.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Dominguez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Dominguez' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Perez cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Dominguez is not entitled to a COA as to his claims.

**VI.  CONCLUSION**

For the foregoing reasons, Dominguez' § 2255 motion (D.E. 29) is DENIED and he is DENIED a Certificate of Appealability.

It is so ORDERED on the 7th day of November 2011.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

9